```
              UNITED STATES DISTRICT COURT
          FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

RALPH WILLIAM MCCLAIN,         : CIVIL NO: 1:12-CV-00352
                               :
          Plaintiff            :
                               : (Judge Caldwell)
     v.                        :
                               : (Magistrate Judge Smyser)
MICHAEL LEANDER DAVIS,         :
et al.,                        :
                               :
          Defendants           :
```

**REPORT AND RECOMMENDATION**

The prisoner plaintiff in this case has sued both corrections officers and officials as well as two inmates. The plaintiff has alleged facts from which it can reasonably be inferred that one of the inmates conspired with the state defendants. But, because the plaintiff has failed to allege facts from which it can reasonably be inferred that inmate Breeland acted under color of state law, we recommend that the claims against inmate Breeland be dismissed and that the case be remanded to the undersigned for further proceedings.

I.  Background and Procedural History.

    The plaintiff, a state prisoner proceeding *pro se*, began this action by filing a complaint.  He has also filed a motion for leave to proceed *in forma pauperis.*

    The complaint names numerous officers and official at the State Correctional Institution at Dallas as defendants.  It also names two inmates at SCI-Dallas as defendants.  The plaintiff alleges that inmate Davis threw feces and urine at him through a hole in the wall connecting their cells, that he informed the state defendants of this, but that they failed to stop inmate Davis from throwing the feces and urine for an extended period of time.  The plaintiff also alleges that inmate Davis began banging on the fixtures in his cell all night disturbing his sleep.  He alleges that he informed offices of this, but instead of taking corrective actions the defendants rewarded inmate Davis for disturbing the plaintiff by giving him extra meal trays and snack bags.  After being rewarded for disturbing the plaintiff, inmate Davis increased his banging behavior.  The plaintiff also alleges that inmate Breeland recently began throwing feces and urine at him through

2

a hole in his cell wall.  Again, he alleges that the defendants failed to take corrective action.

II. Pleadings Standards.

"Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949 (2009).  The statement required by Rule 8(a)(2) must give the defendant fair notice of what the plaintiff's claim is and of the grounds upon which it rests. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007).  Detailed factual allegations are not required. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  But more is required than labels, conclusions, and a formulaic recitation of the elements of a cause of action. *Id.*  "In other words, a complaint must do more than allege the plaintiff's entitlement to relief." *Fowler v. UPMC Shadyside,* 578 F.3d 203, 211 (3d Cir. 2009).  "A complaint has to "show" such an entitlement with its facts." *Id.*  "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft,*

3

*supra,* 129 S.Ct. at 1950. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft, supra,* 129 S.Ct. at 1949 (quoting *Twombly*, *supra,* 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* But "a complaint need not pin plaintiff's claim for relief to a precise legal theory." *Skinner v. Switzer,* 131 S.Ct. 1289, 1296 (2011). Rule 8(a)(2) "requires only a plausible 'short and plain' statement of the plaintiff's claim, not an exposition of his legal argument." *Id.* The factual detail necessary to satisfy the standard will vary depending on the case. *In re Insurance*

4

*Brokerage Antitrust Litigation,* 618 F.3d 300, 320 n.18 (3d Cir. 2010).

A complaint filed by a *pro se* litigant is to be liberally construed and "'however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson, supra,* 551 U.S. at 94 (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)).

III. Discussion.

We review the complaint pursuant to 28 U.S.C. § 1915A which provides, in pertinent part:

> **(a) Screening.**- The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> **(b) Grounds for dismissal.**- On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-
>     (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>     (2) seeks monetary relief from a defendant who is immune from such relief.

The plaintiff presents both 42 U.S.C. § 1983 claims and state law claims.

"Section 1983 imposes civil liability upon any person who, acting under the color of state law, deprives another individual of any rights, privileges, or immunities secured by the Constitution or laws of the United States." *Shuman v. Penn Manor School Dist.,* 422 F.3d 141, 146 (3d Cir. 2005). Section 1983 "does not create any new substantive rights but instead provides a remedy for the violation of a federal constitutional or statutory right." *Id.* "To state a claim under § 1983, a plaintiff 'must allege both a deprivation of a federally protected right and that this deprivation was committed by one acting under color of state law.'" *Woloszyn v. County of Lawrence*, 396 F.3d 314, 319 (3d Cir. 2005)(quoting *Lake v. Arnold*, 112 F.3d 682, 689 (3d Cir. 1997)).

The requirement that a defendant act under color of state law is essential in order to establish a claim under § 1983. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

6

Defendants Davis and Breeland are not state actors.

The Supreme Court has established a number of approaches to the question of when a private person acts under color of state law. *Crissman v. Dover Downs Entertainment, Inc.*, 289 F.3d 231, 239 (3d Cir. 2002). "Some of the tests used, or factors considered, to determine state action include: whether the state has coerced or provided substantial encouragement for the action, whether there is a symbiotic relationship between the state and the private actor, whether the private actor exercises powers exclusively within the prerogative of the state, [and] whether there is a "sufficiently close nexus" between the state and a private actor." *Smith v. Wambaugh*, 29 F.Supp.2d 222, 226 (M.D.Pa. 1998)(McClure, J.)(citations omitted), *aff'd,* 189 F.3d 464 (3d Cir. 1999). Further, "a private party may be liable under § 1983 when (1) the party actually participates with state officials in an activity which is constitutionally prohibited, or (2) the private party conspires with state officials to violate the constitution." *Id.* at 227. *See also Dennis v. Sparks*, 449 U.S. 24, 27-28 (1980)("Private persons, jointly

7

engaged with state officials in the challenged action, are acting 'under color' of law for purposes of § 1983 actions."); *Abbott v. Latshaw*, 164 F.3d 141, 147-48 (3d Cir. 1998)("[A] private party who willfully participates in a joint conspiracy with state officials to deprive a person of a constitutional right acts "under color of state law" for purposes of § 1983."). "[S]tate action may be found if, though only if, there is such a 'close nexus between the State and the challenged action' that seemingly private behavior 'may be fairly treated as that of the State itself.'" *Brentwood Academy v. Tennessee Secondary School Athletic Assoc.,* 531 U.S. 288, 295 (2001)(quoting *Jackson v. Metropolitan Edison Co.,* 419 U.S. 345, 351 (1974)).

Given the plaintiff's allegations regarding inmate Davis increasing his banging behavior after he was rewarded by the other defendants for disturbing the plaintiff, it can reasonably be inferred that the plaintiff is alleging a conspiracy between inmate Davis and some of the other defendants. Thus, we do not conclude that the 42 U.S.C. § 1983 claims against defendant Davis should be dismissed for lack of state action.

8

The plaintiff, however, fails to allege state action on the part of inmate Breeland.  As an inmate, defendant Breeland does not act under color of state law.  And there are no allegations in the complaint from which it can reasonably be inferred that defendant Breeland conspired with the corrections officers.  Thus, the complaint fails to state a 42 U.S.C. § 1983 claim upon which relief may be granted against inmate Breeland.  Since the complaint fails to state a 42 U.S.C. § 1983 claim upon which relief may be granted against inmate Breeland, we recommend that those claims be dismissed and that the court decline to exercise supplemental jurisdiction over the state law claims against defendant Breeland.

IV. Recommendations.

Because the complaint fails to allege state action on the part of inmate Breeland, we recommend that the claims

9

against inmate Breeland be dismissed and that the case be remanded to the undersigned for further proceedings.[4]

*/s/ J. Andrew Smyser*
J. Andrew Smyser
Magistrate Judge

Dated: March 6, 2012.

---

4. By a separate order, we granted the plaintiff's application for leave to proceed *in forma pauperis* and we ordered that the complaint be served on the defendants other than defendant Breeland.

10